IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RACHEL S. GRANT, a/k/a
RACHEL GRANT FERGUSON,
    Plaintiff

v.

EL CONQUISTADOR PARTNERSHIP
L.P., ACE INSURANCE CO.

    Defendants

**Civil No. 06-1849 (SEC)**

**OPINION AND ORDER**

Pending before the Court is Defendant Ace Insurance Company's ("Ace") Motion for Summary Judgment (Docket # 59), and Plaintiff Rachel S. Grant Ferguson's ("Grant") opposition thereto (Docket ## 81-82). After reviewing the parties' filings, the evidence in the record and the applicable law, for the reasons explained below, Defendants' Motion for Summary Judgment is **DENIED**.

**Factual and Procedural Background**

On August 31, 2006, Grant filed suit Plaintiff under diversity jurisdiction, 28 U.S.C. §1332, and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 5141 & 5142, against El Conquistador Partnership, L.P. ("El Conquistador"), ACE Insurance Company ("ACE"), and Tri-Island Investments, Inc.(Tri-Island), the insurer of Terminix Puerto Rico ("Terminix"). Plaintiff alleges that on January 3, 2003, while she was staying in a luxury suite at El Conquistador, her left foot was bitten by a centipede ("*Scolopendra Gigantea*"). She seeks indemnization for the damages suffered as a result of the bite, including, but not limited to, her pain and suffering, past and future medical expenses, plus costs and attorneys' fees. On April 27, 2007, El Conquistador filed a third-party complaint against Terminix, the company

**Civil No. 06-1849 (SEC)**                                                                                       2

which provided pest control for their property at the date of the incident. Docket # 31. Ace, as Terminix's insurer, was also included as a third-party defendant. Id.

On February 29, 2008, Ace requested summary judgment, arguing that Terminix, its insured, complied with its contractual obligations, and as such, they are not liable to Grant. In opposition, Grant posits that there are material issues of fact the preclude summary judgment in favor of Ace. Dockets ## 89-90.

**Standard of Review**

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." Id. (citing Greensburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Id at 684. At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48

**Civil No. 06-1849 (SEC)** 3

(1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(citing Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (citing Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). The "non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue...[f]ailure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8 (citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.")

**Civil No. 06-1849 (SEC)** 4

**Applicable Law and Analysis**

Local Rule 56(b) provides that a motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, and supported by record citations. Moreover, Subsection (c) of said rule states that:

> [a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposition shall **admit, deny or qualify** the facts **by reference to each numbered paragraph** of the moving party's statement of material facts and unless a fact is admitted shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain **in a separate section additional facts**, **set forth in separate numbered paragraphs** and supported by a record citation as required by subsection (e) of this rule. (Our emphasis).

Therefore, the party opposing a motion for summary judgment may include additional facts in a separate section, set forth in separate numbered paragraphs, and supported by record citations. Local Rule 56(d). Thereafter, the party replying to the opposition shall admit, deny or qualify such additional facts, by reference to the numbered paragraphs, and providing a record citation in support of each denial or qualification. Subsection (e) requires that all assertions facts contained in all supporting or opposing statements of facts be followed by a citation to the specific page, or paragraph, of the identified record material supporting it. Said subsection further provides that a court may disregard any statement of fact that is not supported by a specific record citation. As such, the court does not have a duty to search or consider any part of the record not specifically referenced in the parties' statements of facts. Id.

Local Rule 56 strives "to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 8 (1st Cir. 2007). When parties ignore this anti-ferret rule, they do so at their peril. See Montalvo-León v. Wyeth Pharmaceuticals Co., 2007 U.S. Dist. LEXIS 76635, at *18, n. 8 (D.P.R. 2007) (stating this rule "aims to make the parties organize the evidence rather than

**Civil No. 06-1849 (SEC)**                                                                 5

leaving the burden upon the district judge"); see also Alsina-Ortíz v. Laboy, 400 F. 3d 77 (1st Cir. 2005). The First Circuit has also made it clear that "[s]uch rules are designed to function as a means of focusing a district court's attention on what is and what is not genuinely controverted... to dispel the smokescreen behind litigants with marginal or unwinnable cases often seek to hide and greatly reduce the possibility that the district will fall victim to an ambush." Philip Morris USA, Inc., 486 F.3d at 7 (internal citations omitted). In Phillip Morris, the circuit court noted that, a review of the record showed that "the district court acted justifiably in rebuffing the appellants' proffered counter-statement and crediting Phillip Morris' version of the facts. To begin, the appellants **did not admit, deny or qualify** Phillip Morris' assertions of fact **paragraph by paragraph** as required by Local Rule 56... Instead, they submitted an alternate statement of facts in narrative form. This failing alone would have warranted a deeming order." Id.

Notwithstanding the clear language of the aforementioned rule, and its supporting case law, despite providing an enumerated statement of uncontested facts, Ace failed to provide specific record citations, that is, the specific pages or paragraph numbers, in support of statements ¶¶ 3-8, 10, and 11[1] of its Statement of Uncontested Facts ("SUF"). Ace also failed to file a counter statement admitting, denying or qualifying the additional facts set forth by Grant in her opposition,[2] and which she properly supported with specific record citations.

---

[1] Although no page citations were provided in support of SUF ¶ 1, it was deemed admitted by Grant. Moreover, said statement refers, generally, to the Service Agreement's existence. As such, this facts is uncontested. Furthermore, despite the fact that SUF ¶ 1 in not supported by specific record citations, the parties stipulated said fact in their Joint Pre Trial Order. Thus, it is also uncontested. Docket # 113.

[2] In her additional facts, which are deemed unopposed by Ace, Grant essentially argues that Diana Rivera Guilbe's, Crawford and Company's adjuster, Adjustment and Investigation regarding Grant's case, is untrustworthy and biased, and as such, her statements are unreliable in determining Terminix's compliance with the terms of the Pest Control Agreement. Docket # 89.

**Civil No. 06-1849 (SEC)** 6

Docket # 89. Instead, Ace filed a reply which consists of enumerated paragraphs which in no way correlate with the enumerated additional facts included in Grant's opposition. Docket # 98-2. Therefore, the greater part of Ace's SUF, and their reply to Grant's opposition, laid a heavy burden on this Court, inasmuch as it would have to first determine which facts, within each document cited, are provided in support of statements ¶¶ 3-8, 10, and 11, and second, determine which of the arguments laid out in Ace's reply were meant to deny, and which were meant to merely qualify, the additional facts proposed by Grant.

Furthermore, in her opposing statement of material facts, Grant denies Ace's statements ¶¶ 4-8 by stating the following: "4 Through 8. Denied; See; following objections and cited references to the record." Docket # 89, p. 2. This method fails to satisfy Local Rule 56's clear mandate that the opposition to a motion for summary judgment "shall admit, deny or qualify the facts **by reference to each numbered paragraph.**" Generally, when the moving party's assertions of fact are improperly denied, "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Philip Morris USA, Inc., 486 F.3d at 7. However, since Ace also failed to properly support the before mentioned assertions of fact, this Court finds that both parties have failed to fully comply with Local Rule 56. It is precisely this type of situation that said rule is aimed at preventing. The First Circuit has stated that local rules:

> were developed by the district courts in this circuit in response to this court's concern that, absent such rules, summary judgment practice could too easily become a game of cat-and-mouse, giving rise to the specter of district court judges being unfairly sandbagged by unadvertised factual issues. Such rules are a distinct improvement and parties ignore them at their peril. Ruiz-Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000).

**Civil No. 06-1849 (SEC)** 7

Notwithstanding the above, Grant admitted SUF ¶¶ 1, 10 and 11. Moreover, pursuant to the Joint Proposed Pre Trial Order, the parties have made certain stipulations of fact. Docket # 113. Based on the foregoing, this Court finds as follows:

On April 29, 2000, El Conquistador executed a letter agreement for the Renewal and Modification of a certain Commercial Pest Control Agreement dated April 7, 1999, in order to extend said agreement through April 30, 2001. Docket # 113, p. 67. At the time of the incident that gives rise to the instant suit (2003), there was a Service Agreement between el Conquistador and Terminix. SUF ¶ 1. The services to be provided by Terminix related to centipedes is contained in the Integrated Pest Management Program, Scope of Work, section 5 (g), that reads, in pertinent part: "Green areas to be treated on a monthly basis, for the control of ants, roaches, crickets, millipedes and centipedes, these are areas that extend 10 (ten) feet away from the perimeter walls of the structures." Docket # 113, p. 68. As of said date, there were no other agreements between said parties. SUF ¶ 2; Docket # 113, p. 68. Moreover, at that time, Ace had also issued policy No. 08-41-PR-0009941-1 to Tri-Island Ivestment, Inc. d/b/a Terminix, with limits of $1M per occurrence and $1M aggregate, and subject to all other terms and conditions. SUF ¶ 10. The insurance policy states that Ace will pay those sums that Terminix becomes legally obligated to pay as damages because of bodily injury, as covered by said policy. SUF ¶ 11. Diana Rivera Guilbe is a licensed General Liability insurance adjuster for the past years, and at all relevant times herein, was employed by the independent adjusting firm of Crawford and Company. Docket # 113, p. 67.

Even taking as true the preceding facts, there is still controversy as to material issues of fact, specifically, whether Terminix provided uninterrupted and adequate pest control service

to El Conquistador.[3] The fact that a Service Agreement existed is insufficient to show compliance with said agreement. As a result, this Court cannot dismiss Grant's claims against Ace.

**Conclusion**

For the reasons set herein, Ace's Motion for Summary Judgment is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of March, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[3] Considering that Ace's motion for summary judgment fails on the procedural front, this Court need not discuss Grant's additional facts, insofar as she seeks to show that there are material issues of fact which preclude entering summary judgment, which this Court has already concluded in the affirmative.