IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RACHEL S. GRANT, a/k/a
RACHEL GRANT FERGUSON,
    Plaintiff

v.

EL CONQUISTADOR PARTNERSHIP
L.P., ACE INSURANCE CO.

    Defendants

Civil No. 06-1849 (SEC)

**OPINION AND ORDER**

    Pending before the Court is Defendants El Conquistador Partnership, L.P., S.E.' Motion for Summary Judgment (Docket ## 63-65), and Plaintiff's opposition thereto (Docket ## 81-82). After reviewing the parties' filings, the evidence in the record and the applicable law, for the reasons explained below, Defendants' Motion for Summary Judgment is **DENIED**.

**Factual and Procedural Background**

    On August 31, 2006,  Rachel S. Grant Ferguson ("Plaintiff") filed suit against El Conquistador Partnership, L.P. ("El Conquistador"), ACE Insurance Company ( "ACE"), and Tri-Island Investments, Inc.(Tri-Island), the insurer of Terminix Puerto Rico ("Terminix"). Plaintiff alleges that, on January 3, 2003, her left foot was bitten by a centipede ("*Scolopendra Gigantea*"), while she was staying in a luxury hotel suite at El Conquistador. Docket #65-2, at 1. She further argues that, as a result of the bite, she has suffered and will continue to suffer irreparable physical harm and medical complications, since the lesion to her foot caused unexpected complications which over time degenerated into a disabling condition that substantially affected her mobility and her immune system.  Id.

Plaintiff avers that the centipede envenomation incident occurred due to El Conquistador's negligent actions, which include: (1) failure to provide Plaintiff a clean, safe and secure facility reasonably expected of that type of deluxe accommodation, (2) failure to clean, maintain, and fumigate its premises and Plaintiff's room, and (3) wrongfully contracting Terminix, which failed to provided adequate precautionary measures to eliminate the risk of venomous centipedes inside the hotel guest's accommodations.  Docket #65-2, at 2.

Plaintiff asserts diversity jurisdiction under 28 U.S.C. §1332, and avers that the Defendants' conduct constitutes a tort pursuant to Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §5141 ("Article 1802"), and Article 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §5142 ("Article 1803"). As such, she seeks monetary relief for her severe mental anguish and suffering, plus litigation costs and attorneys fees.

Plaintiff also alleges that she tolled the statute of limitation in the instant case by sending three letters to a corporation known as Wyndham El Conquistador Resort & Golden Door Spa on December 31, 2003, December 17, 2004, and December 12, 2005.  Docket #65-3, ¶N. The letters were sent via U.S. Priority Mail to Wyndham International Corp. ("Wyndham International"), Wyndham Management Corp. ("Wyndham Management") and Prentice Hall Corporation ("Prentice Hall"), and via facsimile, U.S. Priority Mail and hand delivery to Thomas Pérez (hereinafter "Pérez"), El Conquistador's Security Director, and Edgardo Félix (hereinafter "Félix"), El Conquistador's Security Manager. Docket #65-3, ¶N. The letters, dated December 31, 2003, and December 17, 2004, were received by Wyndham International, Corp. on January 2, 2003, and December 22, 2004, respectively. Docket #65-3, ¶ O.

Defendants move for summary judgment, arguing that Plaintiff's complaint is time-barred. Specifically, Defendants aver that the third letter sent by Plaintiff was not received, therefore, Article 1802's statute of limitations was not tolled. In support of said allegation,

Defendants provide Pérez and Félix's deposition testimony.  Docket #65-3, Ex. 6 & 7.  They contend that when Plaintiff's complaint was filed on August 31, 2006,  the one year statute of limitation had already expired, and dismissal is warranted. Plaintiff opposes, arguing that the above mentioned letters were sent, and received by Defendants, and provides documentary evidence in support thereof.  Docket # 81, Ex. E & F, & Docket #65-3, Ex. 24 & 25.

**Standard of Review**

Fed. R. Civ. P. 56(b) provides that: "[a] party against whom a claim . . . is asserted  . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]."  The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005).  At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor."  Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material.  Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted).  "A  factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party' and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005) (citing Garside, 895 F.2d at 48 (1st Cir. 1990)).  By like token, material

"means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." Rojas-Ithier v. Sociedad Española de Auxilio Mutuo, 394 F.3d 40, 42-43 (1st Cir. 2005) (citations omitted). Therefore, there is a trial-worthy issue when the "evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is sufficiently open-ended to permit a rational fact-finder to resolve the issue in favor of either side." Id. (citations omitted).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgement as a matter of law, the "party opposing summary judgement must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (citing Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994)). Accordingly, "[t]he nonmovant must produce specific facts, in suitable evidentiary form sufficient to limn a trialworthy issue. . . .  Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8 (citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be

conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve").

**Applicable Law and Analysis**

This Court's ruling upon the motion for summary judgment hinges on whether the December 31, 2003, December 17, 2004, and December 12, 2005 letters tolled Article 1802's statute of limitations.  Since this instant suit is premised on diversity jurisdiction, the answer to that question is governed by Puerto Rico law, specifically, Article 1868 of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. tit., § 5298, Article 1873 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. tit., §5302, and the relevant case law.  Article 1802 states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done...." 31 P.R. Laws Ann. tit., §5141.  The statute of limitations for an Article 1802 claim is one year from the time the aggrieved person became aware of the injury, and could exercise his right. 31 P.R. Laws Ann. tit., §5298.  Pursuant to Article 1873, the statute of limitations of an action can be tolled by (1) their institutions before the courts, (2) an extrajudicial claim of the creditor, and (3) any act of acknowledgment of the debt by the debtor. 31 P.R. Laws Ann. tit., §5303.

In determining when an extrajudicial claim effectively tolls the period of limitations, "the Puerto Rico Supreme Court has established certain requirements[.] First, the extrajudicial claim must be presented within the period of limitations. Second, the claim must be made by the creditor or his or her legal representative. Third, the claim must be addressed to the debtor, and it must require or demand the same action or relief sought in the subsequent suit. Fourth, the extrajudicial claim must be 'precise and specific,' so as to let the debtor know that the claimant does not wish to lose the right claimed." Campos-Matos v. Evanstone Ins. Co., 208 F. Supp. 2d 170, 172 (D.P.R. 2002). As to "the third prong, the Puerto Rico Supreme Court has

concluded that an out of court claim made in a letter interrupts the statue of limitations of an action if the letter arrives at its destination." <u>Hawayek v. Puerto Rico Water Resources Authority</u>, 123 P.R. Sec. 526, 530 (1989).

Furthermore, when a letter is duly directed and mailed, there is a rebuttable presumption that the letter "was received in the regular course of the mail." P.R. Evid. R. 16, 32 P.R. Laws Ann. App. IV. Once Plaintiff establishes that the letter was sent, "the defendant ha[s] to produce evidence to persuade the trier of the nonexistence of the presumed fact: that the letter[s] reached their destination." <u>Hawayek</u>, 123 P.R. Dec. at 530. When "the defendant produces evidence to support that the presumed fact did not occur, [sic] the trier shall decide the matter in the light of the totality of the evidence, but bearing in mind that the party seeking to establish that the presumed fact did not occur, has the burden of proof." <u>Hawayek</u>, 123 P.R. Dec. at 531.  Also, the Puerto Rico Supreme Court has stated that when there is contention between the documentary evidence, and previously offered testimony, "the witness should be heard, and seen, interrogated and looked at."<u>Ortiz v Cruz Pabón</u>, 103 P.R. Dec. 939, 947 (1975). Defendants' argument hinges on the third prong of the <u>Canpos-Matos</u> standard, that is, whether the letter is addressed to the debtor, and if the debtor received the letter.

### *Letters sent to Wyndham International, Wyndham Management, and Prentice Hall*

Upon reviewing the record, this Court finds that Plaintiff sent, via U.S. Priority Mail, three letters to Wyndham International, Corp., Wyndham Management, Corp., and Prentice Hall Corp. Docket #65-3, ¶ O.  In their SUF ¶ O, Defendants state that the December 31, 2003, and December 17, 2004 letters were received by Wyndham International, Inc. Docket # 65-3 ¶ O. Although they also contend that Wyndham International, Corp. did not receive the December 12, 2005 letter, they failed to provide specific record citations in support of said statement, and as such, it will not be considered by this Court. Docket # 65-3 ¶ P.

Therefore, Defendants admit that the first two letters were received by said corporations, and while Plaintiff shows that she sent the third letter, Defendants have failed to rebut the presumption that the letter "was received in the regular course of the mail." However, pursuant to the record, the third letter sent to Prentice Hall was returned to its sender, Carlos A. Rodriguez (Docket #65-3, ¶ DD).

*Letters sent to Pérez and Félix*

Plaintiff further avers that she sent the three above-mentioned letters to Pérez and Félix. Docket #65-3, ¶ N. As to the first two letters, Plaintiff provided documentary evidence to show that the December 31, 2003 letter was signed as received by Lilliam Martínez, on behalf of Pérez, and the December 17, 2004 letter was signed as received by Pérez himself. Docket # 81, Ex. E & F. She also shows that the December 12, 2005 letter was sent via fax, to Pérez and Félix. Docket # 81, Ex. 24 & 25. However, Defendants deny that they ever received any of the aforementioned letters, and provide their respective deposition testimony in support of said argument. Docket #65-3, Ex. 6-7. Therefore, material issues of fact remain in controversy, which impede this Court to issue a ruling on whether Article 1802's statute of limitations was tolled by Plaintiff's extrajudicial claims. At this stage, the court must examine the record in the "light most favorable to the nonmovant," and indulge all "reasonable inferences in that party's favor." As such, Defendants' Motion for Summary Judgment is **DENIED without prejudice**.

**Conclusion**

Based on the foregoing, Defendants' Motion for Summary Judgment is **DENIED without prejudice**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2009.

**CIVIL NO. 06-1849 (SEC)**                                                      **Page 8**

S/ Salvador E. Casellas
SALVADOR E. CASELLAS
U.S. Senior District Judge