IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RACHEL S. GRANT, a/k/a
RACHEL GRANT FERGUSON,
    Plaintiff

v.

EL CONQUISTADOR PARTNERSHIP
L.P., ACE INSURANCE CO.

    Defendants

Civil No. 06-1849 (SEC)

## OPINION AND ORDER

Pending before the Court is Defendant Ace Insurance Company's ("Ace") Motion for Reconsideration of this Court's denial of its Motion for Summary Judgment (Docket # 116), and Plaintiff Rachel S. Grant Ferguson's ("Grant") opposition thereto (Docket # 122). After reviewing the parties' filings, and the applicable law, for the reasons explained below, Defendants' Motion for Reconsideration is **DENIED**.

**Factual and Procedural Background**

On August 31, 2006, Grant filed suit Plaintiff under diversity jurisdiction, 28 U.S.C. §1332, and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 5141 & 5142, against El Conquistador Partnership, L.P. ("El Conquistador"), ACE Insurance Company ( "ACE"), and Tri-Island Investments, Inc.(Tri-Island), the insurer of Terminix Puerto Rico ("Terminix"). Plaintiff alleges that on January 3, 2003, while she was staying in a luxury suite at El Conquistador, her left foot was bitten by a centipede ("*Scolopendra Gigantea*"). She seeks indemnization for the damages suffered as a result of the bite, including, but not limited to, her pain and suffering, past and future medical expenses, plus costs and attorneys' fees. On April 27, 2007, El Conquistador filed a third-party complaint against Terminix, the company

**CIVIL NO. 06-1849 (SEC)**                                                                                                      Page 2

which provided pest control for their property at the date of the incident. Docket # 31. Ace, as Terminix's insurer, was also included as a third-party defendant. Id.

On March 23, 2009, this Court denied Ace's request for summary judgment due to their failure to fully comply with FED. R. CIV. P. 56, and Local Rule 56. Ace requests reconsideration, and argues that they provided specific record citations in support of ¶¶ 4-8 of their Statement of Uncontested Facts ("SUF") (Docket # 59-2). Ace further contends that Plaintiff has failed to show that Terminix, Ace's insured, did not comply with the Service Agreement, and as such, Plaintiff's claim should be dismissed. In opposition, Grant posits that there are material issues of fact the preclude summary judgment in favor of Ace.

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**CIVIL NO. 06-1849 (SEC)**                                                                                                              Page 3

**Applicable Law and Analysis**

Local Rule 56(b) provides that a motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, and supported by record citations. Subsection (e) specifically requires that all assertions facts contained in all supporting or opposing statements of facts be followed by a citation to the **specific page, or paragraph**, of the identified record material supporting it. Said subsection further provides that a court may disregard any statement of fact that is not supported by a specific record citation. As such, the court does not have a duty to search or consider any part of the record not specifically referenced in the parties' statements of facts. Id.

In the prior Opinion and Order (Docket # 114), now under reconsideration, this Court concluded that "[n]otwithstanding the clear language of the aforementioned rule, and its supporting case law, despite providing an enumerated statement of uncontested facts, Ace failed to provide specific record citations, that is, the specific pages or paragraph numbers, in support of statements ¶¶ 3-8, 10, and 11 of its Statement of Uncontested Facts ("SUF")." This Court further held that Ace failed to file a counter statement admitting, denying, or qualifying the additional facts set forth by Grant in her opposition (Docket # 89). Since Ace failed to satisfy Local Rule 56, and it appearing that controversies remained as to material issues of fact, specifically, whether Terminix provided uninterrupted and adequate pest control service to El Conquistador, this Court denied Ace's motion for summary judgment. This Court further noted that the fact that a Service Agreement existed is insufficient to show compliance with said agreement.

In its motion for reconsideration, Ace argues they provided specific record citations in support of ¶¶ 4-8 of their SUF. After reviewing the record, this Court notes that Ace cited

Case 3:06-cv-01849-SEC   Document 123   Filed 04/27/09   Page 4 of 7

**CIVIL NO. 06-1849 (SEC)**                                                                                              Page 4

Exhibits 2, 3, and 4 in support of ¶¶ 4-8. Exhibit 2, Ace's Request for Admissions to El Conquistador, consists of 3 pages which are divided into 9 items. Exhibit 3, El Conquistador's Answer to Ace's Request for Admissions, consists of 2 pages, which are divided into 9 items as well. Exhibit 4, a portion of Grant's deposition, consists of 5 pages, each subdivided into 25 lines. This Court finds that no page numbers or paragraph numbers were provided for Exhibits 2 and 3. Furthermore, while Ace cited pages 11-14 of Grant's deposition, they did not provide the paragraph or line number which specifically supports the proposed statement of fact. This omission is further compounded by the fact that the same pages, that is, 11-14, were provided in support of ¶¶ 4-8, without specific references to which page and paragraph supported each separate averment of fact. Certainly, ¶¶ 4-8 propose different facts, and as such, require citations which support each one exclusively.

In the instant motion, Ace discusses the supporting references for ¶¶ 4-8 with greater detail. However, despite the fact that in the present motion they provide the specific item numbers from Exhibits 2 and 3 which support each proposed statement of fact, Ace failed to do so in their SUF. Instead, in their motion for summary judgment, in support of ¶ 4, Ace states "See Exhibits 2 and 3. See also Exhibit 4, transcript of deposition to plaintiff (November 29, 2007), pages 11-14," and the same citations were provided in support of ¶¶ 5-8 via the use of *idem* ("Id."). As such, the citations to the record referenced several exhibits in support of a specific contention, without indicating which pages or paragraphs were relevant, thus, failing to comply with Local Rule 56(e). See Sanchez-Figueroa v. Banco Popular, 527 F.3d 209, 213 (citing Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). Imprecise references to multiple exhibits do not adhere to the record citation requirement set forth by Local Rule 56(e). Philip Morris, 486 F.3d at 7. This lack of specificity leaves this Court groping "unaided for factual needles in a documentary haystack" in contravention of Local Rule 56,

which is "to prevent parties from unfairly shifting the burdens of litigation to the court." Sanchez-Figueroa, 527 F.3d at 213 (citing Philip Morris, 486 F.3d at 8).

Moreover, Ace once again cites pages 11-14 of Grant's deposition, without specific references to the paragraphs which support each averment of fact. The strict application of Rule 56, and Local Rule 56, is supported by this circuit's case law. The court has held that Local Rule 56 strives "to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 8 (1st Cir. 2007). As a result, when parties ignore this anti-ferret rule, they do so at their peril. See Montalvo-León v. Wyeth Pharmaceuticals Co., 2007 U.S. Dist. LEXIS 76635, at *18, n. 8 (D.P.R. 2007) (stating this rule "aims to make the parties organize the evidence rather than leaving the burden upon the district judge"); see also Alsina-Ortíz v. Laboy, 400 F.3d 77 (1st Cir. 2005). The First Circuit has also made it clear that "[s]uch rules are designed to function as a means of focusing a district court's attention on what is and what is not genuinely controverted... to dispel the smokescreen behind litigants with marginal or unwinnable cases often seek to hide and greatly reduce the possibility that the district will fall victim to an ambush." Philip Morris USA, Inc., 486 F.3d at 7 (internal citations omitted).

Additionally, as previously held in this Court's Opinion and Order, Ace did not file a counter statement admitting, denying or qualifying the additional facts set forth by Grant in her opposition, which she properly supported with specific record citations. Docket # 89. Instead, Ace filed a reply which consists of enumerated paragraphs which in no way correlate with the enumerated additional facts included in Grant's opposition. Docket # 98-2. Therefore, the greater part of Ace's SUF, and their reply to Grant's opposition, laid a heavy burden on this Court, inasmuch as it would have to first determine which facts, within each document cited, are provided in support of their statements of fact, and second, determine which of the

arguments laid out in Ace's reply were meant to deny, and which meant to merely qualify, the additional facts proposed by Grant.

Finally, Ace avers that Plaintiff has not produced any evidence to dispute Diana Rivera Guilbe's letter, provided in support of ¶ 9 of their SUF. However, in her additional facts, which are deemed unopposed by Ace, Grant sets forth that Crawford and Company's adjuster, Diana Rivera Guilbe's, "Adjustment and Investigation" regarding Grant's case, presented an untrustworthy and biased perspective, and as such, her statements are unreliable in determining Terminix's compliance with the terms of the Pest Control Agreement. Docket # 89. Although this Court concedes that Plaintiff bears the burden of proof in a civil case, the party who seeks summary judgment must show that there is no genuine issue as to any material fact, and that he is entitled to judgment as a matter of law. If the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 684 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). In so doing, this Court finds that controversies remain as to material issues of fact, and as such, summary judgment is unwarranted at this moment.

**Conclusion**

For the reasons set herein, Ace's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of April, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

**CIVIL NO. 06-1849 (SEC)**  **Page 7**

**CIVIL NO. 06-1849 (SEC)**  **Page 7**