IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RACHEL S. GRANT, a/k/a
RACHEL GRANT FERGUSON,
    Plaintiff

v.

EL CONQUISTADOR PARTNERSHIP
L.P., ACE INSURANCE CO.

    Defendants

Civil No. 06-1849 (SEC)

## OPINION AND ORDER

Pending before the Court is Defendant El Conquistador Partnership, L.P., S.E.'s ("El Conquistador") Motion for Reconsideration of this Court's denial of its Motion for Summary Judgment (Docket # 121). Plaintiff Rachel S. Grant Ferguson's ("Grant") opposed. Docket # 125. After reviewing the parties' filings, and the applicable law, for the reasons explained below, El Conquistador's Motion for Reconsideration is **DENIED**.

**Factual and Procedural Background**

On August 31, 2006, Grant filed suit Plaintiff under diversity jurisdiction, 28 U.S.C. §1332, and Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§ 5141 & 5142, against El Conquistador Partnership, L.P. ("El Conquistador"), ACE Insurance Company ( "ACE"), and Tri-Island Investments, Inc.(Tri-Island), the insurer of Terminix Puerto Rico ("Terminix"). Plaintiff alleges that on January 3, 2003, while she was staying in a luxury suite at El Conquistador, her left foot was bitten by a centipede ("*Scolopendra Gigantea*"). She seeks indemnization for the damages suffered as a result of the bite, including, but not limited to, her pain and suffering, past and future medical expenses, plus costs and attorneys' fees. On April 27, 2007, El Conquistador filed a third-party complaint against Terminix, the company

**CIVIL NO. 06-1849 (SEC)** Page 2

which provided pest control for their property at the date of the incident. Docket # 31. Ace, as Terminix's insurer, was also included as a third-party defendant. Id.

On March 31, 2009, this Court denied Ace's request for summary judgment, upon finding that controversies remained as to material issues of fact. El Conquistador requests reconsideration on several fronts. First, El Conquistador posits that they provided specific record citations in support of ¶ p of their Statement of Uncontested Facts ("SUF") (Docket # 65-3). Second, according to El Conquistador, they presented ample proof that, as of December 15, 2005, Wyndham International did not have any interest in El Conquistador Resort & Casino. El Conquistador avers that Plaintiff did not address her extrajudicial claims to the "passive subject of the right," that is, El Conquistador Partnership, L.P., S.E., insofar as they have not been included as defendants in the present case. Third, El Conquistador argues that Plaintiff has failed to show that the December 15, 2005 letter was received by them, since a fax confirmation sheet is inadmissible hearsay, and cannot serve as proof of actual receipt of the letter. Moreover, El Conquistador posits that although Plaintiff argues that she hand delivered the December 12, 2005 letter to two of El Conquistador's employees, she has not provided delivery receipts or a mail return receipt of said letter. As such, they contend that the extrajudicial claim was not adequate, and Plaintiff's claim is time-barred. They further argue that even if this Court finds that Plaintiff's claim is not time-barred, the before-mentioned employees were not authorized agents under P.R. R. Civ. P. 4(h), therefore, the December 12, 2005 letter was not received by the passive subject of the right. Finally, El Conquistador avers that Plaintiff has failed to show that she has a cause of action under Article 1802, as such, they contend that summary judgment is warranted.

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

Local Rule 56(b) provides that a motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, and supported by record citations. Subsection (e) specifically requires that all assertions facts contained in all supporting or opposing statements of facts be followed by a citation to the **specific page, or paragraph**, of the identified record material supporting it. Said subsection further provides that a court may disregard any statement of fact that is not supported by a specific record citation. As such, the court does not have a duty to search or consider any part of the record not specifically referenced in the parties' statements of facts. Id.

**CIVIL NO. 06-1849 (SEC)**                                                                                            Page 4

In the prior Opinion and Order (Docket # 114), now under reconsideration, this Court concluded that El Conquistador "failed to provide specific record citations in support of [¶ p][1], and as such, it will not be considered by this Court." Docket # 118, p. 6.  Since El Conquistador failed to satisfy Local Rule 56, and it appeared that controversies remained as to material issues of fact, therefore, this Court denied El Conquistador's motion for summary judgment. In its motion for reconsideration, El Conquistador notes that in its SUF "number P (in which it denied that Wyndham International, Inc. received the December 12, 2005 letter) defendants made specific references to a Declaration under Penalty of Perjury, subscribed by Noel Vera..." Docket # 121, p.2. However, upon reviewing the record, this Court finds that the cited document is 42 pages long, and El Conquistador did not provide the specific page or paragraph number supporting said averment of fact, thus, failing to comply with Local Rule 56(e). See Sanchez-Figueroa v. Banco Popular, 527 F.3d 209, 213 (citing Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). Although in their motion for reconsideration, El Conquistador points to paragraph 18 of Vera's sworn declaration, they failed to do so in their motion for summary judgment.  This lack of specificity left this Court groping "unaided for factual needles in a documentary haystack," in contravention of Local Rule 56, which aims "to prevent parties from unfairly shifting the burdens of litigation to the court." Sanchez-Figueroa, 527 F.3d at 213 (citing Philip Morris, 486 F.3d at 8). The strict application of Rule 56, and Local Rule 56, is supported by this circuit's case law. The First Circuit has held that Local Rule 56 strives "to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 8 (1st Cir. 2007). As a result, when parties ignore this anti-ferreting rule, they do so at their

---

[1] SUF ¶ p provides that "Wyndham International, Inc. did not receive the letter allegedly sent by plaintiff on December 12, 2005."

**CIVIL NO. 06-1849 (SEC)**                                                                                             Page 5

peril. See Montalvo-León v. Wyeth Pharmaceuticals Co., 2007 U.S. Dist. LEXIS 76635, at *18, n. 8 (D.P.R. 2007) (stating this rule "aims to make the parties organize the evidence rather than leaving the burden upon the district judge"); see also Alsina-Ortíz v. Laboy, 400 F. 3d 77 (1st Cir. 2005). The First Circuit has also made it clear that "[s]uch rules are designed to function as a means of focusing a district court's attention on what is and what is not genuinely controverted... to dispel the smokescreen behind litigants with marginal or unwinnable cases often seek to hide and greatly reduce the possibility that the district will fall victim to an ambush." Philip Morris USA, Inc., 486 F.3d at 7 (internal citations omitted).

Furthermore, although El Conquistador's SUF ¶ q states that Thomas Perez, Director of Security, and Edgardo Felix, Security Manager, denied receiving any of the letters, said averment of fact was properly controverted by Plaintiff with opposing testimony. Insofar as there is conflicting testimony as to Thomas Perez and Edgardo Felix's receipt of the letters, this Court cannot adjudge credibility at the summary judgment stage. Controversy as to material issues of fact remain when "'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005) (citing Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

El Conquistador also avers that Plaintiff never addressed, nor sent, the alleged extrajudicial claims to the "passive subject of the right," as required by the applicable case law. Vega v. Cruz Burgos, 537 F.3d 14, 21 (2008); Cintron v. E.L.A., 127 P.R. Dec. 582 (1990). Specifically, they contend that Plaintiff's letters were addressed to "El Conquistador Resort & Casino," instead of El Conquistador Partnership, L.P., S.E., and that such entity did not exist at that time. They further argue that even if the letters were received by Thomas Perez, and

**CIVIL NO. 06-1849 (SEC)**                                                                                      Page 6

Edgardo Felix, these employees were not authorized to receive service of process pursuant to Puerto Rico Rule of Civil Procedure 4.4(e). However, this Court notes that El Conquistador concedes that the December 31, 2003, and the December 17, 2004 letters were received by Wyndham International. See Docket # 65-3, ¶ o.[2] Since said letters were addressed to the same recipients as the December 12, 2005 letter that El Conquistador claims it never received, their arguments on this front are unpersuasive. All of the letters sent by Plaintiff were addressed to Wyndhan International Corp., Wyndham Management Corp., and Wyndham El Conquistador Resort and Golden Door Spa. The addresses for each recipient are the same in all the letters. Moreover, Plaintiffs properly controverted said averments of fact. Specifically, Plaintiffs aver that copies of the same were sent *via facisimile*, U.S. Priority, and by hand delivery to Thomas Perez, and Edgardo Felix. In denying El Conquistador's motion for summary judgment, this Court noted that when the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 684 (1st Cir. 1994). Therefore, at the summary judgment stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). As such, this Court finds that controversies remain as to material issues of fact, and as such, summary judgment on these grounds is unwarranted.

However, this does not dispose of the instant motion. El Conquistador also argues that pursuant to the uncontested facts set forth in their motion for summary judgment, Plaintiff has no cause of action under Article 1802. Specifically, in the motion for summary judgment, El

---

[2] Although El Conquistador also failed to provide specific record citations in support of ¶ o, Plaintiff admitted the same, and as such, this Court deemed said fact as unopposed.

**CIVIL NO. 06-1849 (SEC)**                                                              Page 7

Conquistador contends that "plaintiff's accident was unforeseeable," therefore, they cannot be held liable under the applicable law. Docket # 65-2. Upon reviewing the record, this Court finds that El Conquistador includes seven different averments of fact in ¶¶ gg, and fails to provide specific record citations in support of each one, despite Local Rule 56's clear language. As such, it is disregarded by this Court. Moreover, ¶¶ h, i, j, k, and xx were properly controverted by Plaintiff with opposing testimony, thus, these facts remain in controversy. Although Plaintiffs admit that Grant did not see what caused the sting or bite which led her to go to the hospital, per El Conquistador's own admission, her husband saw two centipedes in the room prior to the incident, and he also saw centipedes crawling down the hallway that led to the room. SUF ¶¶ hh, ii, kk.[3] This precludes summary judgment insofar as genuine issues of material facts remain in controversy, specifically, whether El Conquistador knew or should have known that there were centipedes in the premises, and whether they took adequate measures to correct the problem. However, this Court is not passing judgment on the merits of the case. Plaintiffs still bear the burden of proving their case before the trier of fact.

**Conclusion**

For the reasons set herein, el Conquistador's Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of May, 2009.

                                              *S/ Salvador E. Casellas*
                                              SALVADOR E. CASELLAS
                                              U.S. Senior District Judge

---

[3] In the motion for summary judgment, El Conquistador argues that William Ramos' testimony is unreliable. Considering that Ramos was excluded as an expert witness in this case, this Court disregard the arguments related to Ramos' proposed testimony. See Docket # 104.